```
                     UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
                          FORT MYERS DIVISION


MAXINE SCHULTZ,

                    Plaintiff,

vs.                                   Case No.  2:06-cv-371-FtM-29DNF

AMERICAN SECURITY INSURANCE COMPANY,

                    Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Remand to State Court (Doc. #9), filed on August 3, 2006. No response has been filed and the time to do so has now expired.

The Complaint for Breach of Insurance Contract (Doc. #2) was initiated in the Twentieth Judicial Court in and for Lee County, Florida, and removed to federal District Court by Notice (Doc. #1) on July 24, 2006. Defendant removed the case on the basis of diversity arguing that plaintiff is a citizen of Florida and defendant is a Georgia corporation with its principal place of business in Florida. Defendant further stated that the amount in controversy exceeds $75,000.00, without explanation.

As the party seeking federal jurisdiction, the burden is upon defendant to establish diversity jurisdiction as of the date of removal. Sammie Bonner Constr. Co., Inc. v. Western Star Truck Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best

Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Removal jurisdiction exists only where the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000). A district court has subject-matter jurisdiction over diversity cases pursuant to 28 U.S.C. § 1332, which requires that the parties be citizens of different states and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

Diversity jurisdiction requires complete diversity, i.e., that all plaintiffs must be diverse from all defendants. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Riley v. Merrill Lynch, Pierce, Fenner & Smith, 292 F.3d 1334, 1337 (11th Cir.), cert. denied, 537 U.S. 950 (2002); University of South Ala. v. American Tobacco, 168 F.3d 405, 412 (11th Cir. 1999). A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Sweat Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242 (11th Cir. 2005)(citing 28 U.S.C. § 1332(c)(1)). In this case, defendant clearly states in its Notice of Removal (Doc. #2) that its principal place of business is the same state as plaintiff. Therefore, no diversity of citizenship exists.

Additionally, under 28 U.S.C. § 1441(b), a defendant in a diversity case cannot remove a case if a defendant "is a citizen of

the State in which such action is brought." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  Since defendant pled it is a citizen of Florida, the Court finds that defendant was statutorily barred from removing this case.

Even if diversity of citizenship did exist, the Court also finds that the required amount in controversy has not been established.  Plaintiff states, in the Complaint (Doc. #1), that "[t]his is an action for breach of contract with damages greater than Fifteen Thousand Dollars ($15,000.00)."  (Doc. #1 at ¶ 1.) When plaintiff files the case in state court, and fails to plead a specific amount of damages (as here), the removing defendant must only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Williams, 269 F.3d at 1319.  In this case, defendant has failed to meet this burden and the face of the Complaint reflects no basis for finding that the amount in controversy would exceed $75,000.00.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Remand to State Court (Doc. #9) is **GRANTED**.  The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

2.   The Clerk is further **directed** to terminate all pending motions and deadlines as moot, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of August, 2006.

```
                                    _____
                                    JOHN E. STEELE
                                    United States District Judge
```

Copies:
Clerk, Lee County
Counsel of record
DCCD